HARRIS v. ELLIOTT et al.

(Supreme Court, Appellate Division, First Department. December 31, 1897.)

1. SET-OFF—PERSONAL CLAIMS OF TRUSTEE.
    A trustee cannot set off his personal claims against a beneficiary so as to avoid payment of a balance due by him as trustee.

2. STIPULATION—CONSTRUCTION.
    Where, pending an action brought by a trustee to determine the claims of the respective defendants in a fund held for them by him, all the parties enter into a stipulation adjusting the conflicting claims at specific sums, and providing for the discontinuance of the action upon the payment thereof by the plaintiff, the stipulation does not operate to change the relation between the plaintiff and the defendants from one of trust to an ordinary contract liability.

3. PLEADING—SUPPLEMENTAL COMPLAINT.
    The plaintiff is entitled to permission to serve a supplemental complaint formally alleging the stipulation, so that the judgment to be entered may be based on it, and the distribution may be made under that judgment.

Appeal from special term.

Action by Richard B. Harris against George Elliott and others. From an order denying leave to serve a supplemental complaint, plaintiff appeals. Reversed.

This action was brought to determine the claims of the defendants in a fund held by the plaintiff, being the amount paid to him on a mortgage which he held as trustee for the defendants. Subsequently the conflicting

claims were adjusted by a stipulation entered into between all the parties, which recited that it was "by way of compromise and settlement of this action, whereby the claims of the several defendants were liquidated and fixed at divers specific sums," and that, "upon the respective payments being made by the plaintiff herein, the action be discontinued." Thereafter the plaintiff paid one of the claimants in full, and to the respondents Elliott's executors and Riggs & Co. he paid the sum of $5,000, leaving a balance due under the stipulation of $3,077.96. The defendants applied for an order requiring the plaintiff to pay the balance. In opposition to such motion, the plaintiff asserted certain claims against the defendants for professional services rendered them, which he insisted should be set off against such balance. This motion of the defendants was denied, on the ground that such a summary application could not be made on a stipulation which would involve the consequence of a punishment for contempt if the order was not complied with. Harris v. Elliott, 19 App. Div. 60, 45 N. Y. Supp. 916. The plaintiff then asked for leave to serve a supplemental complaint, setting up the stipulation, and the payments made under it, and the set-offs or counterclaims which he claims to have against the defendants for professional services, which leave was denied; and, from the order denying the same, this appeal is taken.

Argued before VAN BRUNT, P. J., and WILLIAMS, PATTERSON, O'BRIEN, and INGRAHAM, JJ.

Otto C. Weirum, Jr., for appellant.

Lucius H. Beers, for respondents.

O'BRIEN, J. In determining whether permission should be granted or withheld to serve a supplemental pleading, the rule to be applied is well stated in Williams v. Hays, 17 Civ. Proc. R. 98, 5 N. Y. Supp. 667, as follows:

"This right, under section 544 of the Code of Civil Procedure, unless it be shown that the object of the application is to obtain delay, or is not otherwise made in good faith, or unless the proposed pleading is manifestly frivolous, cannot be properly withheld from a party when timely asserted. The sufficiency in law of the supplemental pleading is not passed upon in this class of motions, further than as above stated."

It was not claimed below, nor here, that there was any laches on the plaintiff's part in making the motion, nor does it appear that it was made for the purpose of delay; the plaintiff asserting that he stated below, as he repeats here, that he would not oppose a trial immediately after the joinder of issue on the supplemental pleadings. It appears that the matters sought to be pleaded occurred after the joinder of issue under the former pleadings; and, with respect to the stipulation and the payments made under it, we think that those are material facts, which, upon the trial, the plaintiff should be permitted to prove.

With regard to the claim which the plaintiff suggests that he has in the nature of a claim for professional services, which he desires to offset against the balance due to the defendants under the stipulation, were that the only object sought by the supplemental pleading, we should affirm the order, because it is clear, as a matter of law, that the plaintiff cannot, as against the beneficiaries of a fund which he holds in trust, offset a personal claim; or, to express it differently, a trustee cannot set off his personal claims against a beneficiary so as to avoid payment of a balance due by him as trustee.

It is urged, however, by the appellant, that, upon the former appeal

from the order directing him to pay the balance, there were certain expressions in the opinion of the court which are to be taken as intimations that the relation between the plaintiff and the defendants, as the result of the stipulation, was changed from a trust relation to that of an ordinary contract liability. In this, however, the appellant is entirely in error. There is nothing in the language used to justify any such construction, nor was it intended by the opinion in any way to give support to the contention that any such change in the status of the parties was effected. It is true that, in disposing of the questions presented on the former appeal, the judge writing the opinion used the phrase "contract relations." In a broad sense, the relation existing between parties under a declaration or deed of trust, in which there is wanting every element of tort, is a contract relation; and it was in this sense, in which all obligations rest upon contract, that the expression was used in the opinion, by which it was intended to indicate that the court was unwilling to consider that any element of tort existed in the form of the action. In referring to the relations of the trustee to the beneficiaries, therefore, as they existed when the action was brought, the judge correctly spoke of them as contract relations.

Ordinarily, in motions of this kind, we should not express our view upon the merits of any proposed cause of action or defense intended to be set up in a supplemental pleading further than to determine under the rule whether or not it was manifestly frivolous; and we should not have entered into this discussion were it not entirely proper to correct the misapprehension into which the appellant's counsel seems to have fallen, that there was something or some expression in the former opinion which would support the view that this court intended to hold that the individual claims which the plaintiff might have against the defendants were a proper offset as against any balance which the defendants were entitled to receive from the trust fund held by the plaintiff. Without finally passing upon this question, however, we think he should have his day in court.

The stipulation which adjusted the claims as between the defendants was the basis upon which the plaintiff could distribute the funds in his hands, and he was entitled to have that stipulation formally proved, and a judgment entered on it, so that the parties to it would be bound, and the plaintiff discharged from any further liability to any of the defendants. The orderly practice requires that such a stipulation should be formally alleged in the pleadings, so that the judgment entered could be based upon it, and the distribution made under that judgment. For this reason the plaintiff should have been allowed to interpose the supplemental complaint. Considering the facts as developed, this leave should be granted upon the plaintiff stipulating that the issue shall remain as of its original date, and that he will accept short notice of trial, and try the case when reached without further delay.

The order should therefore be reversed, with $10 costs and disbursements of appeal, and the motion granted, with $10 costs to abide the event. All concur.